# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOB TARAS BAKAJ, )<br>　　　　Plaintiff, )<br>　)<br>v. )<br>　)<br>VILLAGE OF FRANKLIN PARK, et al., )<br>　)<br>　　　　Defendants. ) | Case No. 05 CV 5540<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Lying in a pool of blood in the middle of the street, plaintiff Bob Taras Bakaj struggled for his cellphone. When he finally reached it, he called 911 and reported that he'd been repeatedly hit with a pipe in the head and face. But the Franklin Park police officer who responded did not arrest the man who allegedly hit Bakaj, defendant Frank Grippo. Instead, he arrested Bakaj. According to Bakaj, Grippo and the officer are friends, and conspired to arrest Bakaj in order to keep Grippo out of jail.

Bakaj sued Grippo, the officer—Bill Parthimos—and the Village of Franklin Park for various constitutional violations. Defendant Franklin Park has filed a motion to dismiss which, for the reasons that follow, the court denies.

## BACKGROUND

The incident between Bakaj and Grippo started in front of Bakaj's home. According to the complaint, Bakaj watched his 20-year-old daughter get into the car of an unknown man, who turned out to be Grippo. Bakaj got in his car and followed Grippo's car. Grippo noticed, stopped, got out, and told Bakaj to "Get the f*** out of here" while punching him in the face. In the meantime, Bakaj's daughter got out of Grippo's car, yelled at her father, warned him not to

call police, and knocked his cellphone out of his hand. Bakaj got out of his car, only to be met once again by Grippo, who had retrieved a pipe from his car and began to repeatedly hit Bakaj with it until Bakaj fell to the ground.

Officer Parthimos responded to Bakaj's 911 call. According to the complaint, Parthimos knew Grippo and the two conspired to protect Grippo by framing Bakaj. To that end, Parthimos arrested Bakaj for battery upon Grippo and domestic battery upon Bakaj's daughter. Bakaj alleges that Parthimos felt free to frame him because Franklin Park has a policy of not disciplining its police officers for their misconduct.

After his arrest, Bakaj was held at the police station where his requests for medical treatment went unanswered until several days later. Bakaj alleges that he now suffers from permanent nerve damage and disfigurement as a result of being denied prompt treatment for his injuries.

Three months after his arrest, the state's attorney dropped the charges against him.

In his three-count complaint, Bakaj alleges that Grippo, Parthimos, and the Village of Franklin Park violated his rights under the constitution through false arrest and unlawful detention (Count I), as well as unreasonable detention (Count II). *See* 42 U.S.C. § 1983. He also seeks indemnification under Illinois law (Count III). Defendant Franklin Park has filed a motion for partial dismissal directed at only Count II, contending that (1) Bakaj has failed to plead necessary facts and theories, and (2) Count II is premised on the doctrine of respondeat superior, which is not a basis for § 1983 liability.

ANALYSIS

In reviewing a motion to dismiss, the court accepts as true the well-pleaded facts in the complaint. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006). The motion to dismiss will be granted only if the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. *Id.*

As the court reads Bakaj's amended complaint, Count II contains two components. First, Bakaj contends that his detention was unreasonable because of the time that elapsed between his arrest and when a court determined that police had probable cause to arrest him. *See County of Riverside v. McGlaughlin*, 500 U.S. 44, 57 (1991) ("a person arrested without a warrant is entitled to a fair and reliable determination of probable cause and that this determination must be made promptly"). Second, Bakaj contends that his detention was unreasonable because the defendants denied him medical treatment.

### *Failure To Plead Facts & Theories*

Franklin Park advances two reasons for dismissing Count II. First, it contends that Count II must be dismissed because Bakaj has failed to "either plead facts or conclusions" to support his claim that his detention was unreasonable. Specifically, Franklin Park argues that Bakaj failed to plead (1) how long he waited for a court to determine whether there was probable cause to arrest him, or (2) which provision of the constitution the defendants violated by denying him medical treatment.

Federal court complaints are governed by notice pleading, which does not require plaintiffs to plead facts. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) ("Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for

summary reversal.") Additionally, plaintiffs need not identify their legal theories. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (a "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.") All Bajak has to do is identify the parties, state the nature of his grievance, and give the defendants enough tidbits to allow them to investigate. *Kolupa*, 438 F.3d at 714.

Bakaj has complied with the requirements of notice pleading. In Count II, he puts the defendants on notice that his claim is based upon (1) the "unreasonable length of time" he was held "without any legitimate law enforcement justification," and (2) the fact that he was "refused medical attention." Under notice pleading, Bakaj does not need to allege the length of his confinement, or that indifference to pretrial medical needs violates the fifth and fourteenth amendments. *See Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) ("One [misconception] is that a complaint must set out, and that its validity depends on, a legal theory, such as 'due process' or 'equal protection.' That is not so."); *Wood v. Chicago Bd. of Educ.*, No. 97 C 4742, 1998 WL 832656, at *4 (N.D. Ill. Nov. 20, 1998) (plaintiff need not specifically identify equal protection clause where complaint alleged generally that the defendants refused to assist him because of his race and sex).

### *Respondeat Superior*

Alternatively, Franklin Park argues that Count II must be dismissed because, according to the amended complaint, its liability is premised on the doctrine of respondeat superior, even though the doctrine cannot serve as basis for § 1983 liability. *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029 (7th Cir. 2006) ("'a municipality cannot be held liable under § 1983 on a respondeat superior theory.'") (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658,

691 (1978)). Although municipalities are not liable under respondeat superior, they can be held accountable under § 1983 when employees inflict an injury "in the execution of the government's policy or custom." *Id.*

Franklin Park construes Count II too restrictively. True, Bakaj alleges only that Franklin Park is vicariously liable for Parthimos' alleged misconduct undertaken "within the scope of his employment and under color of law." But liability on one basis does not preclude liability on another. Likewise, just because Franklin Park is not liable under respondeat superior does not rule out liability for another reason. Although respondeat superior is all Bakaj has alleged, he is nevertheless free to prove liability on another basis, as long as the other basis is not inconsistent with what he has alleged. Bakaj has not alleged liability based upon the execution of policy or custom, but his silence on the issue does not concede it. *Kolupa*, 438 F.3d at 714 ("Arguments that rest on negative implications from silence are poorly disguised demands for fact pleading.")

## CONCLUSION

Accordingly, Franklin Park's motion to dismiss Count II of the amended complaint [28-1] is DENIED. Franklin Park shall file its answer to Count II or other responsive pleading by May 26, 2006.

ENTER:

Date: May 15, 2006

_____
Blanche M. Manning
United States District Court