# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOB TARAS BAKAJ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF FRANKLIN PARK, et al., )<br>)<br>Defendants. ) | Case No. 05 CV 5540<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Plaintiff Bob Taras Bakaj has sued the village of Franklin Park, police officer Bill Parthimos, and a private citizen, Frank Grippo, for conspiring to violate his constitutional rights by falsely arresting him (Count I) and denying him medical attention (Count II). He also sued Franklin Park for indemnification (Count III), contending that under Illinois law it must indemnify Parthimos for any torts he commits as part of his job. Defendants Franklin Park and officer Parthimos have moved for summary judgment on Counts I and II. For the reasons that follow, the court grants the motions for summary judgment. Because Bakaj has no evidence that a false arrest or denial of medical attention occurred, the court also grants summary judgment to Franklin Park on count III and to defendant Grippo on the counts against him (I and II).

## BACKGROUND

As a threshold matter, the court notes that Bakaj—who is represented by counsel—has not filed a statement of facts, and the recitation of facts in his response in opposition to the motions for summary judgment is mostly unsupported by citations to the record. In addition, his denials of the defendants' Rule 56.1 statements are unsupported by the record. Unsupported

statements and denials violate Local Rule 56.1(b)(3). Therefore, the court will not rely on those unsupported assertions when evaluating whether disputed material facts preclude summary judgment. Additionally, unsupported denials will be deemed to be admissions. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

Turning now to the facts, Bakaj returned to his home in Franklin Park after a night in the Wisconsin Dells to discover that, during his absence, his underage daughter Robin had thrown a party that involved alcohol. The two began to argue. During the argument, Robin received a call from a friend, defendant Frank Grippo, who overheard the arguing and offered to pick Robin up in his car. Grippo arrived with his girlfriend Jessica Scott, picked up Robin, and the three drove away in Grippo's car.

Not knowing whose car Robin had gotten into, Bakaj got into his own car in an attempt to, as Bakaj puts it, "stop Grippo's forward progress." The defendants describe events differently, contending that Bakaj "pulled up behind Grippo's vehicle at a high rate of speed and began swerving." The parties agree that Bakaj chased down Grippo's vehicle, "maneuvering his vehicle in such a way so that Grippo would bring his vehicle to a stop."

After catching up to Grippo and forcing him to stop, Bakaj, Grippo, and Robin got out of their cars and began arguing in the street. The defendants contend that Bajak pushed Robin to the ground, though Bakaj denies that he did so. The defendants then contend that Bajak rushed Grippo, shoving him "pretty hard" and ripping his shirt. In contrast, Bajak asserts that Grippo was the aggressor and hit him twice, once with a metal pipe. The fight between Bajak and Grippo lasted less than a minute. Bajak contends that after Grippo knocked him to the ground,

Bajak—supine and bathed in blood—managed to call police from his cellphone. Police officers, including defendant Parthimos, arrived within two minutes of when the fight began.

Upon arriving at the scene, Parthimos separately questioned Robin, Grippo, and Scott. Robin told Parthimos that her father had pushed her to the ground and signed a complaint against him for battery and domestic battery (although Bakaj denies that he pushed Robin, he does not deny that Robin told Parthimos that Bakaj pushed her). Grippo told Parthimos that Bajak was the aggressor and signed a complaint against Bakaj for battery. Scott confirmed to officer Parthimos that Bakaj was the aggressor and had battered both Robin and Grippo. Parthimos had never before met Robin, Grippo, or Scott (although Bakaj denied this fact in his response to the defendants' Rule 56.1 statements, he did so without citing the record and therefore the fact is deemed admitted).

Bajak was transported from the scene by ambulance to a hospital for injuries he sustained near his eyes and nose. Parthimos followed him there and, based upon his interviews of Robin, Grippo and Scott, determined that Bakaj had been the aggressor and arrested him for battery and domestic battery. Bakaj spent nearly 7 hours in the emergency room cuffed to his gurney. After an examination that included x-rays and a CT scan, he was discharged with instructions to return the next morning for a surgical evaluation. According to Bakaj the hospital wanted to admit him overnight, but Franklin Park would not agree because no officer was available to guard him. Instead, Bakaj spent the night in police lockup.

The next morning, officer Parthimos transported Bakaj to his initial appearance before Judge Ingram who set his bail at $3,000. During the appearance, Bakaj's attorney requested that the judge include in her order that Bakaj be "mitted" to the hospital so that he could obtain his

surgical evaluation, to which the judge agreed. At the close of the hearing, Bajak was placed in the custody of the Cook County sheriff.

The Cook County sheriff never took Bakaj for his surgical evaluation. He did not receive an evaluation until five days later after he was released on bond. Bakaj eventually underwent surgery for the injuries to his face, during which his surgeon removed bone fragments that had been compressing nerves and inflicting other damage. In his response brief, Bakaj contends that his treating physician would testify that the Cook County sheriff's failure to immediately obtain a surgical evaluation for Bakaj caused the damage to his facial nerves to be permanent. However, in his deposition Bakaj admitted that no doctor had ever told him that his failure to immediately obtain a surgical evaluation had worsened his condition.

Bakaj sued Franklin, Parthimos and Grippo, alleging that the officers lacked probable cause to arrest him and denied him medical care by failing to return him to the hospital for a surgical evaluation. The defendants have moved for summary judgment arguing that the statements provided by numerous witnesses gave them probable cause to arrest Bakaj, and that at the time he alleges he was denied medical care, he was not in their custody, but rather the custody of the Cook County sheriff.

## ANALYSIS

### I.    Summary Judgment Standard

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*,

970 F.2d 363, 365 (7th Cir.1992). The nonmoving party, however, may not merely rest upon the allegations or details in his pleadings, but instead, must set forth specific facts showing that there is a genuine issue for trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.     False Arrest / Unlawful Detention (Count I)

Bakaj alleges that defendant Parthimos violated his rights under the Fourth Amendment by arresting him without probable cause. The Fourth Amendment requires that any search or seizure be based upon probable cause. U.S. CONST. amend. IV. Police officers have probable cause to arrest when facts and circumstances known to them would warrant a prudent person's belief that a suspect had committed an offense. See *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002).

The defendants argue that they are entitled to summary judgment because the undisputed evidence establishes that officer Parthimos had probable cause to arrest Bakaj. Specifically, they identify the following facts known to Parthimos when he decided to arrest Bakaj:

- Robin told officer Parthimos that Bakaj had pushed her twice, once at home and once at the scene of the fight when he pushed her to the ground;

- Robin signed a complaint against Bakaj for domestic battery;

- Grippo told officer Parthimos that Bakaj had been the aggressor;

- Grippo signed a complaint against Bakaj for battery;

- Jessica Scott confirmed to officer Parthimos that Bakaj had been the aggressor and that Bakaj had battered both Grippo and Robin.

Bakaj denies most of these facts, but his denials are either nonresponsive (i.e., the denial addresses a fact other than the fact set out in the Rule 56.1 statement) or unsupported by citations to the record. Accordingly, those statements of fact are deemed to be true. See *Raymond*, 442

F.3d at 608 (failure to comply with Local Rule 56.1 "results in deeming admitted the uncontroverted statements in [the moving party's] Local Rule 56.1(a) submission.").

Bakaj identifies only two pieces of evidence to show that Parthimos lacked probable cause to arrest him. First, he asserts that because he denied all of the conduct that Robin, Grippo and Jessica Scott described, Parthimos could not reasonably have believed them or that Bakaj had committed a crime. However, an accused's self-serving denial cannot by itself overcome other evidence establishing probable cause. *See United States v. 1948 South Martin Luther King Drive*, 270 F.3d 1102, 1114 (7th Cir. 2001) (evidence consisting entirely of self-serving statements "is insufficient to overcome the government's establishment of probable cause).

Second, Bakaj relies on the picture of a man with a large bruise on his face and a cut on his arm. But the picture is not enough to stave off summary judgment for two reasons. First, Bakaj has laid no foundation for the picture—he offers no deposition testimony or affidavit detailing when the picture was taken or even who is depicted. The court is left to guess that it is a picture of Bakaj after his fight with Grippo. But without a proper foundation, the picture is inadmissible. *See Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007) ("In order to defeat a motion for summary judgment, a plaintiff must present admissible evidence that raises a genuine issue of material fact.").

Second, the picture does not establish, as Bakaj contends, that no reasonable person could have viewed his injuries and believed that he had committed a battery. Just because Bakaj was injured does not rule out the possibility that he injured others. The fact remains that Robin, Grippo and Jessica Scott all told Parthimos that Bakaj had battered both Robin and Grippo, providing Parthimos with probable cause to arrest Bakaj.

Accordingly, Bakaj has not presented any evidence that Parthimos lacked probable cause to arrest him. The existence of probable cause is an absolute bar to a false arrest claim, and therefore Parthimos is entitled to summary judgment on Count I. *See Mustafa*, 442 F.3d at 547. Bakaj's inability to establish a false arrest claim against Parthimos means he also cannot establish a *Monell* claim against Franklin Park or a conspiracy claim against Grippo. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of an individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."); *Ollins v. O'Brien*, Nos. 03 C 5795, 03 C 7175, 2006 WL 1519286, *2 (N.D. Ill. May 26, 2006) (if a plaintiff cannot establish a constitutional claim against a defendant, then the plaintiff also cannot establish any conspiracy claim based upon the same conduct).

## II. Unreasonable Detention (Count II)

The basis of Bakaj's unreasonable detention claim is that the defendants refused to return him to the hospital for a surgical evaluation the day after his arrest, even though the emergency room doctors who treated him had scheduled him for one. Although Bakaj remained in the defendants' custody the night of his arrest, according to the undisputed facts he was transferred to the custody of the Cook County sheriff after his bond hearing the next morning. During the bond hearing, Bakaj's attorney asked the judge to order the sheriff to have Bakaj "mitted" to the hospital after the hearing, which the judge did. Therefore, the responsibility for taking Bakaj to the hospital fell upon the Cook County sheriff, not the defendants.

Bakaj admitted as much during his deposition when he testified repeatedly that the defendants did not deny him medical care:

> Q: . . . Officer Parthimos did not deny you medical attention; isn't that correct?
>
> A: Yes. No, he did not deny me medical attention.
>
> . . .
>
> Q: So after you returned to the Franklin Park Police Department, you did not call for any medical attention, is that correct?
>
> A: Yes. No, I did not.
>
> . . .
>
> Q: All right. But you did ask for medical attention while you were at County; is that correct?
>
> A: Yes.
>
> . . .
>
> Q: And the Village did not deny you medical care, correct?
>
> A: No.

(Docket # 73, Exhibit A at pp. 141, 160, 175).

Because it is undisputed that Bakaj was not in the defendants' custody when he missed his surgical evaluation, and because Bakaj admits that the defendants were not responsible for denying him medical attention, the defendants are entitled to summary judgment on Bakaj's unreasonable detention claim.

### III. Indemnification (Count III)

In Count III, Bakaj seeks indemnification from Franklin Park for the tortious conduct of Parthimos, presumably under 65 Ill. Comp. Stat. 5/1-4-6. However, because Parthimos is entitled to summary judgment on all of Bakaj's claims against him, there is no toritous conduct for which Franklin Park could be liable under 65 Ill. Comp. Stat. 5/1-4-6.

Accordingly, as a matter of law there is no basis for indemnification and Franklin Park is therefore entitled to summary judgment on Count III, even though it did not move for summary judgment on that count.

**CONCLUSION**

In summary, the defendants' motions for summary judgment [69-1] and [71-1] are granted. In addition, summary judgment is granted to defendant Frank Grippo on the claims against him, and to Franklin Park on Count III. Because the court is granting the defendants' motions for summary judgment, their motions to strike Bakaj's affidavit [92-1] and his response to their Rule 56.1 statements of fact [91-1] are stricken as moot.

As this disposes of all claims against all parties, the clerk is directed to terminate this case and remove it from the court's docket.

ENTER:

Date: March 19, 2008

_____
Blanche M. Manning
United States District Court